# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **UNITED STATES EX REL. G.** | ) | |
| **WAYNE HERNDON,** | ) | |
| | ) | Case No. 2:07CV00003 |
| Plaintiff, | ) | |
| | ) | **OPINION AND ORDER** |
| v. | ) | |
| | ) | By: James P. Jones |
| **APPALACHIAN REGIONAL** | ) | Chief United States District Judge |
| **COMMUNITY HEAD START,** | ) | |
| **INC. (NOW KIDS CENTRAL,** | ) | |
| **INC.),** | ) | |
| | ) | |
| Defendant. | ) | |

*Mark T. Hurt , Abingdon, Virginia, and Daniel R. Bieger, Copeland & Bieger, Abingdon, Virginia, for Relator G. Wayne Herndon; D. Bruce Shine, Shine & Mason, Kingsport, Tennessee, and Gregory M. Stewart, Norton, Virginia, for Defendant.*

In this qui tam action, the defense of the statute of limitations will be denied on the basis of the applicable state tolling statute.

The relator, G. Wayne Herndon, alleges that his former employer, Appalachian Regional Community Head Start, Inc., now named Kids Central, Inc., made false and fraudulent claims to the United States. In Counts II and III of his Complaint in this court, he alleges that he was fired for whistle blowing, in violation of the provision

of the False Claims Act creating a private civil action against an employer for retaliation. 31 U.S.C.A. § 3730(h) (West 2003).[1]

The relator was fired on September 12, 2003. He filed a lawsuit against his employer in the Circuit Court of Wise County, Virginia, on March 17, 2004, alleging that he had been wrongfully discharged in retaliation for reporting his employer's "wrongdoing" and "misappropriation of funds" to the Head Start Program Administrators, and seeking damages and reinstatement. That lawsuit was voluntarily dismissed by the relator before judgment on July 11, 2006. The present action was filed in this court on January 11, 2007.

The defendant has now moved for summary judgment as to Counts II and III on the ground that they are barred by the applicable statute of limitations. The defendant's motion has been briefed and is ripe for decision.[2]

The parties are agreed that in a retaliation action under the False Claims Act, the court must apply the most analogous state period of limitations, *Graham County Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 545 U.S. 409, 422

---

[1] Count II of the Complaint specifically references § 3730(h), while Count III states simply that the discharge of the relator was "in violation of the public policy of the United States and of Virginia." (Compl. ¶ 38.) Both counts reference the same facts, however.

[2] Neither party has requested oral argument on the motion. I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

Case 2:07-cv-00003-JPJ-PMS   Document 42   Filed 07/25/08   Page 2 of 3   Pageid#: 91

(2005), and that the applicable limitations period is thus two years, as prescribed by Va. Code Ann. § 8.01-243(A) and § 8.01-248 (2007).

While the present lawsuit was filed more than two years after the relator's discharge, I must apply Virginia's tolling statute, Va. Code Ann. § 8.01-229(E)(3) (2007), which provides that a party who voluntarily dismisses a cause of action may recommence it within six months, whether in state or federal court. *See Board of Regents v. Tomanio*, 446 U.S. 478, 483 (1980) (holding that when a state statute of limitations is borrowed in a federal action, the court must also apply related state tolling rules). This tolling provision saves all of the operative facts supporting any right of action claimed, regardless of the particular label. *See Hatfill v. New York Times Co.*, 416 F.3d 320, 334-35 (4th Cir. 2005).

The facts in the present case show that the relator took a voluntary dismissal of the cause of action and refiled it in this court within six months, thus tolling the period of limitations. Accordingly, the limitations defense is without merit.[3]

For the foregoing reasons, it is **ORDERED** that the Motion for Partial Summary Judgment (#37) is DENIED.

ENTER: July 25, 2008

/s/ JAMES P. JONES
Chief United States District Judge

---

[3] The relator also argues that the defendant has waived any statute of limitations defense by not including it in its Answer. It is not necessary for me to determine that issue.