# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES EX REL. G. WAYNE HERNDON, | )<br>)<br>) |
| Plaintiff, | ) Case No. 2:07CV00003<br>)<br>) **OPINION AND ORDER** |
| v. | )<br>)<br>) By: James P. Jones |
| APPALACHIAN REGIONAL COMMUNITY HEAD START, INC. (NOW KIDS CENTRAL, INC.), | ) Chief United States District Judge<br>)<br>)<br>)<br>) |
| Defendant. | ) |

*Mark T. Hurt, Abingdon, Virginia, and Daniel R. Bieger, Copeland & Bieger, Abingdon, Virginia, for Relator G. Wayne Herndon; D. Bruce Shine and Donald F. Mason, Jr., Shine & Mason, Kingsport, Tennessee, and Gregory M. Stewart, Norton, Virginia, for Defendant.*

In this qui tam action under the False Claims Act, the defendant moves to dismiss for lack of subject matter jurisdiction. For the reasons set forth, I will deny the motion.

I

The False Claims Act ("FCA"), 31 U.S.C.A. §§ 3729-3733 (West 2003 & Supp. 2008), permits a civil action by a private person, the relator, on behalf of the government, seeking recovery against those who knowingly submitted false or

fraudulent claims to the government. Such actions are known as "qui tam" actions. In the present case, the relator, G. Wayne Herndon, alleges that the defendant, Appalachian Community Head Start, Inc., now known as Kids Central, Inc. ("Kids Central"), the operator of a Head Start program, filed false claims with the Department of Health and Human Services ("HHS"). In its present motion, Kids Central contends that the court lacks subject matter jurisdiction over the case. The issues have been briefed and argued and the motion is ripe for decision.

The material before the court shows the following facts.

Kids Central contracted with HHS to administer a federally funded Head Start program in Norton, Virginia. The relator held a number of positions associated with the management of this program while he was employed at Kids Central.

In May, 2002, budget shortfalls forced Kids Central to close its Head Start program for two weeks, which prompted an investigation by the HHS regional office in Philadelphia. HHS discovered a number of unauthorized expenditures, which were detailed in letters from HHS to Kids Central. HHS originally sought payment for $228,601 in disallowed costs, but eventually reduced that amount to $36,619, which Kids Central then paid.

In September, 2003, Kids Central fired the relator, supposedly because he had publicly opposed a corporate restructuring plan that the board of directors at Kids

-2-

Central had adopted. The relator disagrees, alleging that he was fired because managers at Kids Central became aware that he had participated in and had assisted with the HHS investigation of the unauthorized expenditures. The relator initially filed a claim for wrongful discharge in Virginia state court, but then voluntarily dismissed that action and filed the present action.

II

Kids Central first contends that the court lacks jurisdiction because the relator was not the "original source" of the false claims allegations. This argument is based on a provision of the FCA that provides as follows:

> (A) No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.
>
> (B) For purposes of this paragraph, "original source" means an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information.

31 U.S.C.A. § 3730(e)(4). As the Fourth Circuit has held, this jurisdictional bar requires the court to consider three questions:

-3-

> Was there a public disclosure? If there was a public disclosure, was the *qui tam* action based on the public disclosure? If the action was based on the public disclosure, was the *qui tam* plaintiff an original source? If either of the first two questions is answered in the negative, the district court has subject matter jurisdiction over the *qui tam* action. If the first two questions are answered in the affirmative, however, subject matter jurisdiction exists only if the last question is also answered affirmatively.

*United States ex rel. Wilson v. Graham County Soil & Water Conservation Dist.*, 528 F.3d 292, 299 (4th Cir. 2008) (citations omitted).

In its briefs and argument, Kids Central only relies on the third question—whether the relator was the "original source"—and ignores the two predicate questions. Indeed, in his response, the relator does not speak to the first question, although he does contend that "the relator did not derive his allegations from a public disclosure, but rather derived them by virtue of his employment with defendant." (Relator's Opp'n 1.)

The relator, as the party invoking jurisdiction under the FCA, has the burden of proving jurisdiction. *United States ex rel. Hays v. Hoffman*, 325 F.3d 982, 987 (8th Cir. 2003). In considering a motion to dismiss for lack of subject matter jurisdiction, the court may consider evidence outside of the pleadings in order to determine the facts. *Velasco v. Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004).[1]

---

[1] While the defendants have styled their motion as "Motion to Dismiss . . . and/or Summary Judgment," the proper vehicle to contest jurisdiction is a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). If there is no jurisdiction, the court is not

-4-

In the absence of contrary evidentiary material, I find that the HHS investigative reports constituted a public disclosure. However, I also find that the plaintiff has produced sufficient evidence to show that the allegations of this action were not derived from the public disclosure. *See United States ex rel. Siller v. Becton Dickinson & Co.*, 21 F.3d 1339, 1347-48 (4th Cir. 1994) (holding that a relator's action is "based upon" a public disclosure only where the relator has actually derived from the disclosure the allegations of the qui tam action.) Accordingly, I hold that the court is not deprived of subject matter jurisdiction under § 3730(e)(4).

Kids Central also asserts that the action is barred by the provision of FCA that provides as follows:

> In no event may a person bring an action under subsection (b) which is based upon allegations or transactions which are the subject of a civil suit or an administrative civil money penalty proceeding in which the Government is already a party.

31 U.S.C.A. § 3730(e)(3). While it is possible that the HHS investigation in this case might qualify as an "administrative civil money penalty proceeding," I find that the relator has sufficiently shown that the allegations made in this action were not derived from that proceeding.

---

permitted to enter summary judgment. *See Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993).

To determine whether the a qui tam action is "based upon transactions or allegations which are the subject of another . . . proceeding in which the government is a party, . . . a court should look first to whether the two cases can properly be viewed as having the qualities of a host/parasite relationship." *United States ex rel. S. Prawer & Co. v. Fleet Bank of Maine*, 24 F.3d 320, 327 (1st Cir. 1994) (internal quotes omitted). Such a relationship exists when "the qui tam case is receiving support, advantage, or the like from the host case (in which the government is a party) without giving any useful or proper return to the government (or at least having the potential to do so)." *Id.* at 327-28 (internal quotes omitted).

In *United States ex rel. S. Prawer*, the court determined that § 3730(e)(3) did not apply to a qui tam claim that had involved a transaction that was already being litigated by the government. *Id.* at 328. In the "host" case, the government did not pursue a fraud claim. *Id.* In the qui tam case, the relator did. *Id.*

Like the government in *United States ex rel. S. Prawer*, HHS did not impose a "penalty" on Kids Central for fraud. Rather, it sought payment for what it classified as disallowed costs. In his Complaint, the relator alleges that a director at Kids Central fraudulently made expenditures with knowledge that the expenditures violated Head Start regulations. As such, the HHS investigation and his qui tam

claim do not share a "host/parasite relationship." *Id.* at 327. Accordingly, § 3730(e)(3) does not bar the relator's qui tam claim.

### III

In addition to the qui tam claim, the relator also alleges that he was discharged from employment in retaliation for his activities in furtherance of an FCA action, in violation of 31 U.S.C.A. § 3730(h). In its reply brief, Kids Central, for the first time, argues that there is insufficient evidence that the relator was engaged in the protected activity necessary in order to support his retaliation claim.[2]

For such a claim to succeed, "[a]n employee must prove that (1) he took acts in furtherance of a qui tam suit . . .; (2) his employer knew of these acts; and (3) his employer discharged him as a result of these acts." *Eberhardt v. Integrated Design & Constr., Inc.*, 167 F.3d 861, 866 (4th Cir. 1999) (internal quotes omitted).

In his Complaint, the relator alleges that: (1) he contacted HHS officials to inform them of unauthorized expenditures at Kids Central in violation of Head Start regulations, (2) a supervisor discovered that the relator had discussed the

---

[2] The relator has moved to strike this portion of the reply brief, on the ground this issue was not raised in the initial Motion to Dismiss, or within the deadline fixed by the court's Scheduling Order. In the alternative, the relator seeks to file a sur-reply brief, and has submitted that brief. I will grant the motion and allow the sur-reply brief.

unauthorized expenditures with officials from HHS, and (3) the supervisor fired him in response. Accepting these allegations as true, they sufficiently state a claim for retaliation under 31 U.S.C.A § 3730(h).

The defendant has submitted the affidavits of two HHS employees who claim that the relator had no involvement with the investigation of Kids Central. Even considering these affidavits in support of summary judgment, the relator has presented sufficient evidence in response to raise a genuine issue of material fact. Whether the relator was fired in retaliation is a factual issue for resolution by a jury.

IV

For these reasons, it is **ORDERED** that the defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and/or Summary Judgment (#58) is DENIED.

ENTER: February 3, 2009

/s/ JAMES P. JONES
Chief United States District Judge