# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES EX REL. G. WAYNE HERNDON, | |
| Plaintiff, | Case No. 2:07CV00003 |
| v. | **OPINION** |
| APPALACHIAN REGIONAL COMMUNITY HEAD START, INC. (NOW KIDS CENTRAL, INC.), | By: James P. Jones<br>Chief United States District Judge |
| Defendant. | |

*Mark T. Hurt , Abingdon, Virginia, and Daniel R. Bieger, Copeland & Bieger, Abingdon, Virginia, for Plaintiff; D. Bruce Shine and Donald F. Mason, Jr., Shine & Mason, Kingsport, Tennessee, for Defendant.*

The plaintiff, having been awarded money damages by a jury against his former employer, now seeks reinstatement to his former position. For the reasons set forth in this opinion, I will deny the motion.

I

G. Wayne Herndon commenced this action under the False Claims Act ("FCA"), 31 U.S.C.A. §§ 3729-3733 (West 2003 & Supp. 2009), against his former employer, Appalachian Regional Community Head Start, Inc., now named Kids

Central, Inc.[1] In his Complaint, Herndon alleged that Kids Central had knowingly filed false claims with the U.S. Department of Health and Human Services ("HHS") and had fired him on September 12, 2003, in retaliation for his investigation of those claims.

On April 2, 2009, after three days of evidence, the jury found in favor of Herndon on both the false claims count and the retaliation count. The jury determined that as a result of the defendant's false claims, the United States had suffered $35,169 in damages, and that as a result of his firing, Herndon lost $49,000 in back pay. Judgment was entered on the jury's verdict on April 3, 2009. Pursuant to the FCA, the jury award in favor of the United States was trebled, an amount previously paid by Kids Central was deducted, and a statutory civil penalty of $5,000 was added, for a total judgment in favor of the United States of $75,338. Thirty percent of this amount was designated to Herndon, in accord with the FCA. Also in accord with the FCA, the back pay award was doubled and judgment was entered in favor of Herndon in the amount of $98,000.

Kids Central filed a timely motion for judgment in its favor or for a new trial. The motion was briefed and argued, but following oral argument, the parties jointly

---

[1] For convenience, the defendant will be referred to throughout in this opinion under its new name "Kids Central."

requested that I defer decision while they negotiated a possible settlement. After a lengthy delay, it appeared that no settlement was possible, and on December 16, 2009, I denied Kids Central's motion for judgment or for a new trial. *United States ex rel. Herndon v. Appalachian Reg'l Cmty. Head Start, Inc.*, No. 2:07CV00003, 2009 WL 4840950 (W.D. Va. Dec. 16, 2009).

On December 31, 2009, Herndon filed a motion seeking reinstatement to his former job. Kids Central objected and the parties have briefed the issues and Herndon's motion is now ripe for decision.[2]

II

The FCA provides that any employee who is discharged or otherwise discriminated against because of lawful acts done "in furtherance of an action under [the FCA] . . . shall be entitled to all relief necessary to make the employee whole." 31 U.S.C.A. § 3730(h). Such relief includes "reinstatement with the same seniority status such employee would have had but for the discrimination." *Id.*

In his motion, Herndon, who is now 69 years old, asserts that since his termination by Kids Central in September of 2003, he has been unable to find full-time employment. He also represents—and Kids Central agrees—that he has been

---

[2] Neither party has requested a hearing on the motion.

unable to collect his monetary judgment. Because Kids Central receives all of its funding from the federal government, which also controls its assets, it is essentially judgment-proof, even though it continues to operate with a multi-million dollar budget.[3]

Kids Central objects to reinstatement on the grounds that (1) animosity between Herndon and his former employer makes reinstatement unreasonable; and (2) Herndon's position no longer exists.

An initial question arises as to whether I am bound by the jury's verdict that found that Herndon proved that he had been discharged by reason of his furtherance of a FCA action. While I denied the posttrial motion for judgment as a matter of law as to this claim, I did not do so on the merits, but rather because Kids Central had failed to raise that issue before the case was submitted to the jury, as required by Federal Rule of Civil Procedure 50(a). See *Herndon*, 2009 WL 4840950, at *3. In fact, I believe that there was slim evidence that Herndon's FCA-activity was connected to his termination. The greater weight of the evidence, I believe, was that Herndon was fired because he publicly disputed reorganization of the agency, a reason unrelated to the submission of any false claims to HHS.

---

[3] Kids Central advised Herndon's counsel of this result long before trial in the case.

Under the Seventh Amendment, when a case involves both equitable and legal claims, the right to a jury encompasses all issues common to both claims. *Curtis v. Loether*, 415 U.S. 189, 196 n. 11 (1974). And, any "'essential factual issues which are central to both must be first tried to the jury, so'" a litigant's constitutional rights are "'not foreclosed on common factual issues.'" *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 965 (10th Cir. 2002) (quoting *Ag Servs. of Am., Inc. v. Nielsen*, 231 F.3d 726, 730 (10th Cir. 2000)); *see also Fowler v. Land Mgmt. Groupe, Inc.*, 978 F.2d 158, 163 (4th Cir. 1992)*; Duke v. Uniroyal Inc.*, 928 F.2d 1413, 1422 (4th Cir. 1991). Once a jury's verdict determines a factual issue common to legal and equitable claims, a court is bound by the jury's decision. *Lewis v. Sears, Roebuck & Co.*, 845 F.2d 624, 629 (6th Cir. 1988). This means a court cannot "'make findings' contrary to or inconsistent with the jury's resolution . . . of that same issue as implicitly reflected in its general verdict.'" *Id.* (quoting *Lindsey v. Am. Cast Iron Pipe Co.*, 810 F.2d 1094 (11th Cir. 1987)).

This legal rule also prevails in Fourth Circuit employment cases. *Duke*, 928 F.2d at 1422. Thus, once a jury finds an employer discriminated against an employee, a jury verdict in favor of the employee is "'res judicata for the purposes of the equitable claim for reinstatement.'" *Lewis*, 845 F.2d at 630 (quoting *Gibson v. Mohawk Rubber Co.*, 695 F.2d 1093, 1101 (8th Cir. 1982)); *see also Kitchen v.*

*Chippewa Valley Schs.*, 825 F.2d 1004, 1014 (6th Cir. 1987) (holding that jury's finding that employer did not retaliate against employee bound judge on identical issue in plaintiff's equitable relief claim); *Miller v. Fairchild Indus., Inc.*, 885 F.2d 498, 507 (9th Cir. 1989) (holding that jury's finding in § 1981 claim is binding upon a judge considering a Title VII claim).

For these reasons, I am bound by the jury's determination that Herndon was fired because of his furtherance of a FCA action.

When a jury awards a plaintiff legal damages because of an employer's discrimination or retaliation, reinstatement is the preferred form of equitable relief. *Lewis*, 845 F.2d at 630. Courts have declined to order reinstatement, however, when an employer demonstrates extreme workplace hostility would prevent a productive and amicable working relationship. *Duke*, 928 F.2d at 1423. Reinstatement is not considered an option when the employment litigation has irreparably damaged the relationship between the parties, or, if the employee's position no longer exists within the firm. *Id*. "When reinstatement is not appropriate, then other remedies," such as front pay, may be considered. *Id*.

Based on the facts before me, I do not find that animosity or workplace hostility should bar Herndon's reinstatement. The person who fired Herndon, Bill Bowen, has not been with Kids Central for some time and there is no credible

evidence that Herndon's lawsuit or any of his past activities have created the type of animosity that should bar reinstatement.

On the other hand, the evidence is uncontested that Herndon's position no longer exists at Kids Central. While there is conflicting opinion as to whether Herndon could fill an available position of bus driver, there is no dispute that a position with the compensation that he received in his former position as the family services director is unavailable.[4]

Front pay, or payment in lieu of reinstatement, is theoretically available when reinstatement is not. However, in this case, an award of front pay would be as illusory as the money judgment previously awarded. Herndon does not dispute that Kids Central is judgment proof in this case because of the nature of its funding. There is no indication that Kids Central would be able to pay any award of front pay any more than it has been able to pay the judgment of twice the back pay awarded by the jury.

For these reasons, the motion seeking reinstatement will be denied. A separate order will be entered forthwith.

---

[4] Herndon indicates that he would take the position of bus driver, so long as he could receive the higher salary and benefits of his former position. But there has been no evidence that the federal grant to Kids Central would permit it to pay Herndon for services that he did not perform.

DATED: March 20, 2010

/s/ JAMES P. JONES
Chief United States District Judge